UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LEON EUGENE MORRIS,            No. C 08-3435 SI (pr)

    Plaintiff,                  **ORDER OF DISMISSAL WITH LEAVE TO AMEND**

    v.

J. WOODFORD, Former Director; et al.,

    Defendants.
                                          /

### INTRODUCTION

Leon Eugene Morris, an inmate at Folsom State Prison, filed a pro se civil rights action under 42 U.S.C. § 1983. His complaint is now before the court for review under 28 U.S.C. § 1915A. His motion for appointment of counsel and affidavit to recuse Judge Jenkins also are before the court for consideration.

### BACKGROUND

The complaint covers a wide variety of prison conditions at Folsom State Prison and Salinas Valley State Prison. It is 36 pages of extremely condensed handwriting (i.e., about 40 lines per page of small print), and names 30 defendants, without any indication as to where many of them work. The complaint rambles on in an apparent effort to touch upon everything Morris has found disagreeable in the last four years. The complaint is extraordinarily broad: Morris includes allegations about confiscation of religious materials, cell searches, placements in ad-seg, a rule violation report, use of force on him in a dining hall, a hunger strike, verbal harassment, problems with food service, use of pepper spray on him when he did not return his

food tray, medications issued to him, confiscation of legal materials, mail service, access to the court, medical care, cover-ups, the inmate appeals process, failure to provide notary public services, placement in behavior modification unit, retaliation, the "green wall gang," use of force on him, religious diet needs, unsanitary food, dirty laundry, double-celling, and lack of exercise.

**DISCUSSION**

A.   Review of Complaint

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. §1915A(a). The court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. §1915A(b)(1),(2).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

The complaint has several deficiencies that require an amended complaint to be filed. First, the complaint has several claims that are not properly joined under Federal Rule of Civil Procedure 20(a) concerning joinder of claims and defendants. Rule 20(a) provides that all persons "may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action." Morris' claims range from ad-seg decisions to excessive force to food service to mail service to medical care to religion to discipline and beyond. The complaint indicates the events happened at at least two different prisons (but doesn't allege what events happened at what prison) and are against different defendants. In his amended complaint, Morris may only allege claims that (a) arise out of the same transaction,

1  occurrence, or series of transactions or occurrences and (b) present questions of law or fact
2  common to all defendants named therein. The bottom line is that Morris cannot complain in his
3  amended complaint about *everything* during his imprisonment. Morris needs to choose what
4  claims he wants to pursue that meet the joinder requirements. This is an important consideration
5  for Morris because if he asserts improperly joined claims in his amended complaint, the court
6  will dismiss the improperly joined claims.

7  Second, the complaint does not comply with the requirement that the averments be
8  "simple, concise, and direct." Federal Rule of Civil Procedure 8(a) requires that the complaint
9  set forth "a short and plain statement of the claim showing that the pleader is entitled to relief."
10 A complaint that fails to state the specific acts of the defendant which violated the plaintiff's
11 rights fails to meet the notice requirements of Rule 8(a). Hutchinson v. United States, 677 F.2d
12 1322, 1328 n.5 (9th Cir. 1982). At the other end of the spectrum, Rule 8(e) requires that each
13 averment of a pleading be "simple, concise, and direct," and also may be the basis for dismissal.
14 McHenry v. Renne, 84 F.3d 1172, 1179 (9th Cir. 1996) (affirming dismissal of complaint that
15 was "argumentative, prolix, replete with redundancy, and largely irrelevant"). The complaint
16 here does not comply with Rule 8(e). There are no simple, concise and direct averments, and
17 instead the rambling factual allegations are intertwined with irrelevant surplusage about who said
18 what to whom on various days, as well as repeated argument about the "green wall gang,"
19 corrupt correctional staff, and identification of most correctional staff with the notation "g.g.g."

20 Third, in his amended complaint, Morris should take care to link defendants to each
21 alleged constitutional violation. There is no respondeat superior liability under § 1983, i.e. no
22 liability under the theory that one is responsible for the actions or omissions of an employee.
23 Liability under § 1983 arises only upon a showing of personal participation by the defendant.
24 Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Usually, a § 1983 plaintiff names as a
25 defendant the individual state actor who allegedly wronged him. If Morris wishes to add
26 defendants or to keep the director and former director as defendants, he should identify each
27 involved defendant by name and link each of them to each claim by explaining what each
28 defendant did or failed to do that caused a violation of his constitutional rights. See Leer v.

3

Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

Fourth, it appears that Morris has improperly included as defendants persons who did no more than fail to grant his administrative appeals. Interests protected by the Due Process Clause may arise from two sources--the Due Process Clause itself and laws of the states. See Meachum v. Fano, 427 U.S. 215, 223-27 (1976). There is no constitutional right to a jail administrative appeal or grievance system. See Mann v. Adams, 855 F.2d 639, 640 (9th Cir.), cert. denied, 488 U.S. 898 (1988); Antonelli v. Sheahan, 81 F.3d 1422, 1430 (7th Cir. 1996). The state of California has not created a protected interest in an administrative appeal system in prison or the county jails. California Code of Regulations, title 15 sections 1073 and 3084 grant prisoners in the county jails and state prisons a purely procedural right: the right to have an administrative appeal. A provision that merely provides procedural requirements, even if mandatory, cannot form the basis of a constitutionally cognizable liberty interest. See Smith v. Noonan, 992 F.2d 987, 989 (9th Cir. 1993); see also Antonelli, 81 F.3d at 1430 (prison grievance procedure is procedural right that does not give rise to protected liberty interest requiring procedural protections of Due Process Clause). Morris had no federal constitutional right to a properly functioning appeal system. An incorrect decision on an administrative appeal or failure to handle it in a particular way therefore did not amount to a violation of his right to due process. The descriptions of his efforts to pursue inmate appeals should not be repeated in the amended complaint.

Fifth, the handwriting in the complaint is so small and condensed that it puts an undue burden on those who must read it – especially 35 pages of it. Morris' amended complaint should have no more than 28 lines of text per page.

Finally, Morris will be required to take care of service of process on the defendants because he is not proceeding as a pauper. He should bear this in mind so that he can start making arrangements for service of process if the court orders the amended complaint served on anyone. He also should bear this in mind because he needs to be able to find the defendants he wants to sue, and may want to trim the number of defendants to less than the current list of 29 defendants.

4

B.     Miscellaneous Motions

Morris has filed an affidavit for recusal of Judge Jenkins, who made adverse rulings to him in earlier cases. Morris was not allowed to proceed as a pauper in earlier cases because he had at least three prior actions dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(g). Judge Jenkins applied § 1915(g) to dismiss earlier complaints by Morris. The recusal issue is a moot point: Judge Jenkins is now a judge in the California Court of Appeal, is no longer a federal judge and therefore is no longer assigned to Morris' federal cases.

Morris has moved for appointment of counsel to represent him in this action. A district court has the discretion under 28 U.S.C. §1915(e)(1) to designate counsel to represent an indigent civil litigant in exceptional circumstances. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986). This requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See id. Neither of these factors is dispositive and both must be viewed together before deciding on a request for counsel under section 1915(e)(1). Here, exceptional circumstances requiring the appointment of counsel are not evident. Although Morris has presented exhibits showing that he has a serious mental illness that may impede his ability to litigate, the court has yet to find a cognizable claim pled. The complaint needs to be amended, and the court will not consider appointing counsel without having a pleading that states a claim on file. The court also is reluctant to use one of the very few volunteer attorneys available for a plaintiff who is subject to the § 1915(g) as a repeat filer of meritless prisoner complaints. The motion for appointment of counsel is DENIED without prejudice.

**CONCLUSION**

For the foregoing reasons, the complaint is dismissed with leave to amend. The amended complaint must be filed no later than **April 30, 2009**, and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Plaintiff is cautioned that his amended complaint must be a complete statement of his claims and will

5

supersede existing pleadings. See London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981) ("a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint.")  Failure to file the amended complaint by the deadline will result in the dismissal of the action.

    IT IS SO ORDERED.

Dated: March 16, 2009

                                            SUSAN ILLSTON
                                            United States District Judge

**United States District Court**
For the Northern District of California