UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEON EUGENE MORRIS,<br><br>    Plaintiff,<br><br>  v.<br><br>J. WOODFORD, Former Director; et al.,<br><br>    Defendants.<br>                                              / | No. C 08-3435 SI (pr)<br><br>**ORDER OF SERVICE AND PARTIAL DISMISSAL** |

## INTRODUCTION

Leon Eugene Morris, an inmate at Folsom State Prison, filed a <u>pro se</u> civil rights action under 42 U.S.C. § 1983. The court reviewed his original complaint and dismissed it with leave to amend. Morris' amended complaint is now before the court for review under 28 U.S.C. § 1915A. His second motion for appointment of counsel and his motion for leave to proceed <u>in forma pauperis</u> also are before the court for consideration.

## BACKGROUND

The original 36-page complaint covered a wide variety of prison conditions at Folsom State Prison and Salinas Valley State Prison. The court dismissed the complaint with leave to amend, and gave detailed explanations of various problems that needed to be remedied in the amended complaint. Among other things, the court explained that the complaint had improperly joined unrelated defendants and claims, and gave the following instructions for amending to deal with the joinder problems: "In his amended complaint, Morris may only allege claims that (a) arise out of the same transaction, occurrence, or series of transactions or occurrences and (b) present questions of law or fact common to all defendants named therein. The bottom line is that

Morris cannot complain in his amended complaint about *everything* during his imprisonment. Morris needs to choose what claims he wants to pursue that meet the joinder requirements. This is an important consideration for Morris because if he asserts improperly joined claims in his amended complaint, the court will dismiss the improperly joined claims." Order Of Dismissal With Leave To Amend, p. 3. That guidance apparently fell on deaf ears. The amended complaint has many unrelated claims against many different defendants. In the amended complaint, Morris asserts religious freedom claims against three defendants (claim 1), as well as claims against other defendants for the use of excessive force (claim 2), denial of right of access to the courts (claim 3), deliberate indifference to his medical needs (claim 4), due process violations in disciplinary proceedings (claim 5), violations of his right to be free from cruel and unusual punishment (claims 6 and 8), delay or denial of his mail (claim 7), and retaliatory searches (claim 9). Only the first will proceed, so only it will be further described.

Morris alleges several violations of his right to religious freedom. Amended Complaint, p. 3. In March 2005, sergeant Mercado allegedly denied Morris his Quran. In November 2004 or June 2005 – the pleading is unclear on the date – correctional officer G. Bailey allegedly threw away Morris' Islamic study materials. In June 2005, correctional officer T. Robinson allegedly took Morris' Islamic materials away during a search. Morris alleges that these three incidents interfered with his religious freedom rights. See Amended Complaint, p. 3.

## DISCUSSION

A.  Review of Amended Complaint

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. §1915A(a). The court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. §1915A(b)(1),(2).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that

2

a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

In order to establish a violation of the Free Exercise Clause of the First Amendment's right to freedom of religion, a prisoner must show a defendant burdened the practice of his religion without any justification reasonably related to legitimate penological interests. See Shakur v. Schriro, 514 F.3d 878, 883-84 (9th Cir. 2008). For a claim under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc-1, the plaintiff-prisoner must show that the government has imposed a substantial burden on his religious exercise. Construing the allegations of the pro se pleading liberally, as the court must, it appears that Morris has stated a cognizable claim under the First Amendment and under RLUIPA based on the denial and confiscation of his Quran and other Islamic study and prayer materials. Morris has adequately linked defendants Mercado, Bailey and Robinson to this claim. He may serve process on them.

The other claims (i.e., claims 2 - 9, at pages 4-17 of the Amended Complaint) are dismissed because they are not properly joined under Federal Rule of Civil Procedure 20(a) concerning joinder of claims and defendants. Federal Rule of Civil Procedure 20(a) provides that all persons may be joined in one action as defendants if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). The acts or omissions giving rise to claims 2 - 9 were not part of the same transaction, occurrence or series of transactions or occurrences that gave rise to claim 1 for violations of religious freedoms. Also, claims 2-9 are against a different set of defendants. These claims are dismissed because they do not (a) arise out of the same transaction, occurrence, or series of transactions or occurrences and (b) present questions of law or fact common to all defendants. The dismissal of the improperly joined claims and parties means only that they cannot be pursued in this action – Morris is free to file new actions in which he asserts those claims against those parties.

3

B.   <u>Miscellaneous Matters</u>

Morris filed a second motion for appointment of counsel that differs from his first motion only in that it has a different date. A district court has the discretion under 28 U.S.C. §1915(e)(1) to designate counsel to represent an indigent civil litigant in exceptional circumstances. <u>See</u> <u>Wilborn v. Escalderon</u>, 789 F.2d 1328, 1331 (9th Cir. 1986). This requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims <u>pro se</u> in light of the complexity of the legal issues involved. <u>See</u> <u>id.</u> Neither of these factors is dispositive and both must be viewed together before deciding on a request for counsel under section 1915(e)(1). At this stage, the court is unable to see that appointment of counsel is necessary in this case. Accordingly, the second motion for appointment of counsel is DENIED.

Morris filed a motion for leave to proceed <u>in forma pauperis</u> after the court explained in its Order Of Dismissal With Leave To Amend, p. 4, that he would have to serve process in this action. The motion is denied as unnecessary because he already paid the full filing fee when he filed this action. The motion also is denied because it is incomplete in that it does not have the necessary certificate of funds and copy of the inmate trust account statement. Further, Morris is subject to the frequent filer limitation of 28 U.S.C. § 1915(g), which in general prohibits a prisoner-plaintiff from proceeding as a pauper after he has filed three or more actions that have been dismissed for failure to state a claim upon which relief may be granted, or are frivolous or malicious. <u>See</u> Order Of Dismissal in <u>Morris v. Woodford</u>, No. C 07-4198 MJJ.[1] For each of these reasons, Morris' motion to proceed as a pauper is DENIED.

**CONCLUSION**

For the foregoing reasons,

1.   The amended complaint states cognizable claims against defendants Mercado,

---

[1] In that 2007 action, Morris challenged the application of § 1915(g) to him. The order of dismissal rejected his challenges, and his appeal from the order of dismissal was itself dismissed.

4

Bailey and Robinson for violations of Morris' religious freedom rights under the First Amendment and RLUIPA. All other claims and defendants are dismissed without prejudice.

2. The clerk shall issue a summons for each of the three defendants (i.e., sergeant Mercado, correctional officer G. Bailey, and correctional officer T. Robinson), all of whom apparently work at Salinas Valley State Prison. The clerk shall send those summonses to plaintiff for his use in service of process.

3. Morris is responsible for serving the summons and amended complaint on each defendant because he has not been granted leave to proceed as a pauper. The court will not serve process for him, nor will it order the U.S. Marshal to do it. No later than **January 29, 2010**, Morris must (1) file proofs of service showing that he has served the summons and amended complaint on each of the three defendants in the religious freedom claims or (2) show cause why this action should not be dismissed for failure to serve process within 120 days of the filing of the complaint. See Fed. R. Civ. P. 4(l)-(m). Once Morris tends to serving process on the defendants, the court will set a briefing schedule for dispositive motions.

4. All communications by plaintiff with the court must be served on a defendant's counsel by mailing a true copy of the document to defendant's counsel. The court may disregard any document which a party files but fails to send a copy of to his opponent. Until a defendant's counsel has been designated, plaintiff may mail a true copy of the document directly to defendant, but once a defendant is represented by counsel, all documents must be mailed to counsel rather than directly to that defendant.

5. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

6. Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

7. Plaintiff is cautioned that he must include the case name and case number for this

5

case on any document he submits to this court for consideration in this case.

        8.       Plaintiff's second motion for appointment of counsel and his application to proceed in forma pauperis are DENIED.  (Docket # 3, # 4.)

IT IS SO ORDERED.

Dated: November 18, 2009

                                              _____
                                              SUSAN ILLSTON
                                              United States District Judge