UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEON EUGENE MORRIS,<br><br>    Plaintiff,<br><br>  v.<br><br>J. WOODFORD, Former Director; et al.,<br><br>    Defendants.<br>_____/ | No. C 08-3435 SI (pr)<br><br>**ORDER OF DISMISSAL** |

Many months ago, plaintiff was ordered to file proofs of service showing that he had served the summons and amended complaint on the three defendants or show cause why this action should not be dismissed for failure to serve process within 120 days of the filing of the complaint. Order Of Service And Partial Dismissal, p. 5. Plaintiff made a defective effort to serve the defendants. The court gave him a second chance, explained the various methods by which process could be served, and set a new deadline of July 7, 2010 for him to file a proof of service showing that the summons and amended complaint were properly served on each of the three defendants. Plaintiff failed to file a proof of service, and it appears that none of the defendants have been served with process. Accordingly, this action is dismissed for failure to timely serve process. See Fed. R. Civ. P. 4(m).

Plaintiff filed a "certificate of counsel" and an "affidavit" that accused the undersigned of being biased based on rulings in several orders and requested recusal. (Docket # 11, # 12.) 28 U.S.C. § 144 provides for recusal of the judge before whom a matter is pending upon the filing by a party of a "sufficient affidavit that the judge . . . has a personal bias or prejudice either

against him or in favor of any adverse party." A party may file only one such affidavit in each case. See 28 U.S.C. § 144. The recusal affidavit is legally insufficient because it is Morris' second one. Morris filed an earlier affidavit in this action for recusal of Judge Jenkins. See Docket # 1, pp. 78-80 of 81. That recusal request was denied in the order of dismissal with leave to amend. See Docket # 2, p. 5. Even if the present recusal request was not an improper second recusal request, it must be rejected because it is well-established that actions taken by a judge during the normal course of the proceedings are not a proper ground for disqualification – and Morris' complaints are of just this sort, as he complains about the rulings in the order of service and partial dismissal as well as the denial of his request for appointment of counsel. Judicial rulings alone may constitute grounds for appeal, but almost never constitute a valid basis for a bias or impartiality motion. See Liteky v. United States, 510 U.S. 540, 555 (1994); Leslie v. Grupo ICA, 198 F.3d 1152, 1160 (9th Cir. 1999) (court's adverse rulings are not an adequate basis for recusal); Toth v. TWA, Inc., 862 F.2d 1381, 1387-88 (9th Cir. 1988) (same). Accordingly the request for recusal is DENIED. (Docket # 11, # 12.)

The clerk shall close the file.

IT IS SO ORDERED.

Dated: February 22, 2011

SUSAN ILLSTON
United States District Judge